**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**TRENTON VICINAGE**

**Case No. 3:17-cv-08475-FLW-DEA**

GUNTHER WELL AND PUMP SERVICE,
LLC, a New Jersey limited liability
company, and MICHAEL GUNTHER,
individually and as the representatives of a
class of similarly-situated persons,

       Plaintiffs,

                                     Motion Date: May 7, 2018

vs.

TRANSAMERICA LIFE INSURANCE
COMPANY,

       Defendant.

_____/

**TRANSAMERICA LIFE INSURANCE COMPANY'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Transamerica Life Insurance Company ("Transamerica") submits this reply in

further support of its Motion to Dismiss filed on January 30, 2018 [D.E. 9] (the "Motion"), and

in opposition to the response to the Motion [D.E. 13] (the "Response") filed by plaintiffs

Gunther Well and Pump Service, LLC and Michael Gunther ("Plaintiffs"). For the reasons set

forth below and in the Motion, the Court should dismiss the Complaint because it is time-barred

and fails to state a claim as a matter of law.

**INTRODUCTION TO REPLY**

Plaintiffs' Response attempts to avoid the dispositive arguments made in Transamerica's

Motion by seeking a stay of this case "to await a decision in *China Agritech*," the case currently

pending in the U.S. Supreme Court addressing whether *American Pipe* tolling should apply to

subsequent class actions.  Plaintiffs contend that Transamerica agrees with this stay, but that is incorrect.  Even were the Supreme Court to rule that *American Pipe* tolling can apply to subsequent class actions, (1) there would not be sufficient tolling here to avoid the expiration of the statute of limitations, (2) the prerequisites established by *American Pipe* and its progeny of promoting equity and creating judicial efficiency are not satisfied here, and (3) Plaintiffs' New Jersey state law claims (Counts II and III) should be dismissed regardless of any ruling by the U.S. Supreme Court on *American Pipe* tolling.  Because the Court has independent and dispositive grounds to dismiss the Complaint irrespective of the outcome in *China Agritech*, a stay is not the best course of action.

Regarding the insufficiency of any tolling here, Plaintiffs' Response ignores the case law and reasoning discussed in Transamerica's Motion, which demonstrate that any tolling resulting from the *Legg* case would have ended when Transamerica was dismissed from *Legg* on October 9, 2014 — exactly 79 days after the *Legg* case was filed.  *See* Motion at 6-7 (citing, *inter alia*, *Lindner Dividend Fund, Inc. v. Ernst & Young*, 880 F. Supp. 49, 54 (D. Mass. 1995)).  As explained in the Motion, Count I for violation of the TCPA was filed *209 days* after expiration of the 4-year statute of limitations, and therefore Plaintiffs' TCPA claim is time-barred irrespective of any tolling from *Legg*.

The Response suggests that the current posture of the case prevents the Court from reviewing the publicly available record in *Legg* to determine if *American Pipe* tolling should apply at all.  This argument is without merit.  Plaintiffs cited to the *Legg* case in their Complaint, and case law plainly holds that the Court may "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" (*see McBride v. Warden of Allegheny Cty. Jail*, 577 F. App'x 98, 99 (3d Cir. 2014)), as well as any "document integral to

or explicitly relied upon in the complaint" (*see Tilbury v. Aames Home Loan*, 199 F. App'x 122, 125 (3d Cir. 2006)).  The docket in *Legg* is publicly available and easily reviewed by the Court. The Court should consider the *Legg* Complaint, the *Legg* Fax, and the dismissal papers in *Legg*, all of which are attached to the Motion.  Plaintiffs have not challenged the authenticity of these pleadings which show that the parties, the alleged fax, and the other factual allegations in *Legg* do not encompass the allegations in this case, and that tolling here would therefore not be appropriate.

As to the New Jersey state law claims (Counts II and III), Plaintiffs' Response fails to rebut that the New Jersey Consumer Fraud Act claim in Count III should be dismissed as duplicative of Count II, which alleges a violation of the New Jersey Junk Fax Act, a subset of the Consumer Fraud law.  Plaintiffs cite N.J. Stat. § 56:8-2.13, which states that the rights and remedies of the Consumer Fraud Act are additional to those of other laws.  But because the Junk Fax Act is part of the Consumer Fraud law, that section is inapposite.  *See Sparkle Hill, Inc. v. Invecor, LLC*, 2014 WL 4755490, at *3 (D.N.J. Sept. 23, 2014)).  The Response also fails to refute that the New Jersey Junk Fax law does not specify a limitations period, and that the statutory provision on which they rely to seek fixed statutory damages, implicates the two year limitation period of N.J. Stat. § 2A:14-10(b).  *See Zelma v. Konikow*, 879 A.2d 1185, 1189 (N.J. Super. Ct. App. Div. 2005).  Because Plaintiffs have brought their claim well beyond two-years, it should be dismissed as time-barred.

Finally, Plaintiffs' Response does not dispute that Counts II and III should be dismissed pursuant to 28 U.S.C. § 1367, as they raise novel and complex issues of New Jersey State law. And because Count I, which is due to be dismissed, is the only claim over which the Court has original jurisdiction, the Court should grant the Motion and dismiss the entire Complaint.

**I.     A STAY OF COUNT I PENDING A RULING IN *CHINA AGRITECH* IS UNNECESSARY AND SHOULD BE ENTERED ONLY AS AN ALTERNATIVE TO DISMISSAL**

Plaintiffs contend that "however the Supreme Court rules in *China Agritech*, it will either be controlling in this case or provide substantial guidance on class-action tolling.  Plaintiff agrees with Defendant that a three-month delay in this case to await a decision in *China Agritech* will not prejudice any party, and the Court should stay the case."

Transamerica, however, does not agree that a stay of this case is necessary, because the Complaint here cannot survive regardless of the outcome of *China Agritech*.  Even if the U.S. Supreme Court rules that *American Pipe* tolling can apply to subsequent class actions, there would not be sufficient tolling here to avoid expiration of the statute of limitations, and in any event, the prerequisites established by *American Pipe* and its progeny of promoting equity and creating judicial efficiency are not satisfied here.  Consequently, a stay pending the ruling in *China Agritech* would result in unnecessary delay as Plaintiffs' claims are clearly time barred. Moreover, Plaintiffs' New Jersey law claims (Counts II and III) should be dismissed regardless of *China Agritech*.  Accordingly, the Court should dismiss the Complaint and, only in the alternative, should the Court stay Plaintiffs' TCPA claim (Count I).

**II.    COUNT I OF THE COMPLAINT ASSERTING AN ALLEGED VIOLATION OF THE TCPA SHOULD BE DISMISSED BECAUSE IT IS TIME BARRED**

**A.     Plaintiffs' Contention That Count I Was Timely Brought Because Of The Tolling Of The Statute Of Limitations Is Incorrect**

Transamerica's Motion demonstrated that Count I should be dismissed because it is time-barred under the four-year statute of limitations (1,461 days) provided by 28 U.S.C. § 1658(a). The Complaint alleges that the Fax was sent to the Plaintiffs and a putative class on March 22, 2013, or *1,670 days* prior to the filing of this action.  Complaint ¶¶ 13, 20.  Accordingly, the

TCPA claim in Count I is *209 days late* and is time-barred. The Motion further demonstrated that Plaintiffs cannot save their claim based on *American Pipe* tolling resulting from the *Legg* case filed on July 22, 2014, because any tolling would have ended when Transamerica was dismissed from *Legg* on October 9, 2014 — only 79 days after the *Legg* case was filed.[1]   *Lindner Dividend Fund, Inc. v. Ernst & Young*, 880 F. Supp. 49, 54 (D. Mass. 1995) (*American Pipe* tolling ends "when a defendant is dropped from the class action"); *Ballard v. Tyco Int'l*, 2005 WL 928537, at *3 (D.N.H. Apr. 22, 2005) (citing *Lindner*).

Plaintiffs' Response ignores the case law cited in the Motion, and instead argues that "the reasoning" of a different case, *Wyser-Pratte Management Co. v. Telxon Corp.*, 413 F.3d 553, 567 (6th Cir. 2005), "calls for tolling in this action because Transamerica concedes that it was a defendant in *Legg*, at least for part of the suit, and was therefore 'on notice' of the potential claims against it." Response at 7. *Wyser-Pratte*, however, offers no support for Plaintiffs' tolling argument. *Wyser-Pratte* does not address a defendant that was dismissed from an earlier class action, as Transamerica was in *Legg*.[2]   Moreover, in *Wyser-Pratte*, the Sixth Circuit *affirmed* dismissal, holding that tolling cannot be asserted against a defendant that was not a party in a prior related class action. Indeed, *Wyser-Pratte* supports Transamerica's argument that tolling ceased once Transamerica was dismissed from *Legg* and there was no longer notice to Transamerica of any "substantive claims being brought" against it, and there was certainly no

---

[1] A copy of the Order of Dismissal which dismissed Transamerica from the *Legg* case was attached to the Motion as Exhibit A.

[2] *Wyser-Pratte* involved an attempt by a class plaintiff to apply *American Pipe* tolling to a defendant that had not been named in a prior class action. The plaintiff contended that the prior class action "should serve to suspend the limitations period against [the new defendant] because the class plaintiffs *could have* asserted claims against [the new defendant] in the first case" and therefore the new defendant "had adequate notice because it knew or should have known that it was *subject to* suit for claims arising out of the same operative facts as the [first class action]." *Id.* at 568 (italics in original).

notice "of the number and generic identities of the potential plaintiffs[.]" *See id.* at 567 (citing *Am. Pipe*, 414 U.S. at 554-55).[3]  The Court should therefore grant the Motion and dismiss Count I of the Complaint.

**B.     The Court Should Rule That *American Pipe* Tolling Does Not Apply Here Where It Does Not Serve The Purposes Of Promoting Equity And Judicial Efficiency**

In addition to the absence of sufficient tolling from *Legg* to avoid dismissal, Transamerica demonstrated in the Motion that the record in *Legg* does not support *American Pipe* tolling here because it would serve no legitimate purpose; it would violate equitable objectives, create abuse, and not promote judicial economy.  Motion at 8-14.  Transamerica demonstrated that (1) the different claim and different putative class alleged in the *Legg* case would not provide fair notice to Transamerica of the claim and putative class alleged in this case; (2) absent class members in this case would not have relied on *Legg* to abstain from filing individual cases to preserve their claims; and (3) the class in *Legg* was overly broad and should never have included Transamerica (the fax in *Legg* did not mention Transamerica), and upon dismissal of Transamerica, the *Legg* class no longer included any claims against Transamerica.[4]

---

[3] Plaintiffs also cite *Practice Mgmt. Support Servs., Inc. v. Cirque Du Soleil (US), Inc.*, 146 F. Supp. 3d 997, 1004 (N.D. Ill. 2015), for the proposition that "a defendant can be 'on notice' of class claims for *American Pipe* tolling even without ever being named a defendant in the prior suit."  Response at 8.  This case is completely inapposite.  The case addresses a "disingenuous" argument by a defendant that had attempted to argue it was not a party to a prior class action, after conceding in other proceedings that the defendants in the first class action were its "privies."  None of those circumstances are at issue here.

[4] The respective faxes referenced in the two cases are entirely different, and indeed, the *Legg* Fax does not even purport to advertise Transamerica's products or contain Transamerica's name or logo.  The *Legg* plaintiffs did not have standing to assert a claim under the TCPA against Transamerica, and they voluntarily dismissed Transamerica early in the case on October 7, 2014.  A copy of the Notice of Voluntary Dismissal in the *Legg* case is attached to the Motion as Exhibit B.

Plaintiffs argue that because this case is at the dismissal stage, "Defendant's assertions that there are different 'operative facts' in the *Legg* case and this case are premature, and the motion to dismiss should be denied." Response at 8. But, again, this Court may and should "consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" (*see McBride v. Warden of Allegheny Cty. Jail*, 577 F. App'x 98, 99 (3d Cir. 2014)), as well as "document[s] integral to or explicitly relied upon in the complaint" (*see Tilbury v. Aames Home Loan*, 199 F. App'x 122, 125 (3d Cir. 2006)).

Plaintiffs injected the applicability of *Legg* into this phase of the case, and the Complaint relies upon *Legg* to assert the tolling of the statute of limitations. Complaint ¶ 9 (alleging the dates of filing and dismissal, the case caption, and the case number). Plaintiffs cannot cite the *Legg* case in their Complaint and rely on its pleadings for a tolling argument, and at the same time argue that the Court cannot look at the publicly filed pleadings. Under cases such as *McBride* and *Tilbury*, which Plaintiffs do not attempt to distinguish,[5] the Court is entitled to examine complaint, fax, and order of dismissal in *Legg*.[6] These pleadings show that the parties, alleged facsimile transmission, and other factual allegations in *Legg* did not encompass the allegations in this case in any fashion, and that tolling is therefore not appropriate here. The Court should dismiss Count I.

## III.    COUNT III OF THE COMPLAINT IS DUPLICATIVE OF COUNT II AND MUST BE DISMISSED

Plaintiffs attempt to argue that Count III for violation of the New Jersey Consumer Fraud Act (N.J. Stat. § 56: 8-1 et seq.) is not duplicative of Count II for violation of the New Jersey Junk Fax Act (N.J. Stat. § 56:8-157 et seq.), because the New Jersey Consumer Fraud Act states

---

[5] Plaintiffs fail to distinguish these cases and do not cite any authority that holds that the Court should not consider the court filings cited in Transamerica's Motion.

[6] *See* Exhibits A, B, and C to the Motion.

that the "rights, remedies and prohibitions accorded by the provisions of this act" are "in addition to and cumulative of any other right, remedy or prohibition accorded by the common law or statutes of this State …." Response at 9-10 (citing N.J. Stat. § 56:8-2.13).

Plaintiffs citation to section 56:8-2.13 is inapposite because that section refers to the "rights, remedies and prohibitions *accorded by the provisions of this act*," which includes the New Jersey Junk Fax Act.[7]  Indeed, the New Jersey Junk Fax law (N.J. Stat. § 56:8-157 et seq.) itself incorporates remedies of other provisions of the New Jersey Consumer Fraud Act, its parent law.  *See* N.J. Stat. § 56:8-160.  Count III is based on the same legal and factual allegations as Count II, and is therefore duplicative, unnecessary, and should be dismissed.  *See Sparkle Hill, Inc. v. Invecor, LLC*, 2014 WL 4755490, at *3 (D.N.J. Sept. 23, 2014)).

## IV.    COUNT II IS TIME-BARRED AND MUST BE DISMISSED

Plaintiffs dispute that their New Jersey Junk Fax Act count is barred by the two-year statute of limitations, arguing that a "claim under the Consumer Fraud Act is governed by a six year statute of limitations."  Response at 10 (citing *NN&R, Inc. v. One Beacon Ins. Grp.*, 362 F. Supp. 2d 514, 521 (D.N.J. 2005) (citing N.J. Stat. § 2A:14-1)).  The New Jersey Consumer Fraud Act, however, does not include any provision specifying the applicable statute of limitations. Cases such as *NN&R* apply the six year statute of N.J. Stat. § 2A:14-1 because section 2A:14-1 applies to *inter alia*, trespass, tortious injuries, and takings.  These injuries typically involve claims under the general private right of action provision of the Consumer Fraud Act, which require "an ascertainable loss on the part of the plaintiff." *See New Jersey Citizen Action v. Schering-Plough Corp.*, 842 A. 2d 174, 176 (N.J. Super. Ct. App. Div. 2003).

---

[7] Plaintiffs concede that the New Jersey Junk Fax Act is a subset of the New Jersey Consumer Fraud Act.  Count II itself states: "Plaintiffs bring[] Count II for violation of the New Jersey Junk Fax Statute …, which is part of the New Jersey Consumer Fraud Act …." Complaint, ¶ 39.

The New Jersey Junk Fax law, however, does not require a showing of an ascertainable loss.  Plaintiffs demand "[t]hat the Court award $500.00 in damages for each violation of the New Jersey Consumer Fraud Act … and the New Jersey Junk Fax Statute, and $1,000 to each Class member that requested Defendant to remove its fax number."  Complaint p. 18 ("Wherefore" clause ¶ B).  As evidenced by Plaintiffs' claim, the statutory damages of the New Jersey Junk Fax law are penal in nature, and a two year limitation period of N.J. Stat. § 2A:14-10(b), which is applicable to forfeitures, should apply.  *See Zelma v. Konikow*, 879 A.2d 1185, 1189 (N.J. Super. Ct. App. Div. 2005); *cf. Brown v. Rawlings Fin. Servs., LLC*, 868 F.3d 126, 128-32 (2d Cir. 2017) (finding certain statutory damages under ERISA were punitive in nature and akin to a civil forfeiture for purposes of the statute of limitations, because, *inter alia*, a showing of actual damage was not required).  Plaintiffs' claim, which allegedly accrued on March 22, 2013, should be dismissed as time-barred.

## V.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER ALLEGED VIOLATIONS OF NEW JERSEY STATUTES AND DISMISS COUNTS II AND III OF THE COMPLAINT

Plaintiffs' Response does not dispute the grounds established in the Motion demonstrating that Counts II and III based on New Jersey law, should be dismissed (1) under section 1367(c)(1) because the issues surrounding the applicable limitations period for a claim under N.J. Stat. § 56:8-158 are novel issues of New Jersey State law (Motion at 20; citing *Zelma*, 879 A.2d at 1189-90), and (2) under section 1367(c)(3) because Count I is the only claim over which the Court has original jurisdiction, and that claim is due to be dismissed (Motion at 20; citing *A&L Indus., Inc. v. P. Cipollini, Inc.*, 2014 WL 3619880, at *5 (D.N.J. July 22, 2014)).  Accordingly, as argued in the Motion, to the extent the Court does not find that Counts II and III

are due to be dismissed for failure to state a claim, the Court should dismiss these counts pursuant to section 1367.

## **CONCLUSION**

For the foregoing reasons and those stated in Transamerica's Motion, this Court should enter an order dismissing Counts I, II, and III of the Complaint with prejudice and granting such additional relief as the Court may find just and proper.

Respectfully submitted,

/s/  Markham R. Leventhal
Markham R. Leventhal (NJ Bar #03615-1986)
mleventhal@carltonfields.com
**CARLTON FIELDS JORDEN BURT, P.A.**
1025 Thomas Jefferson St., NW
Suite 400 West
Washington, D.C.  20007
Telephone:  (202) 965-8189
Facsimile:  (202) 965-8104

*Attorneys for Transamerica Life Insurance Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of April 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will provide service on all counsel of record identified below via transmission of Notices of Electronic Filing generated by CM/ECF:

Matthew Nicholas Fiorovanti, Esq.
Michael J. Canning, Esq.
**GIORDANO HALLERAN & CIESLA PC**
125 Half Mile Rd., Suite 300
Red Bank, NJ 07701
Telephone: 732-741-3900
Facsimile: 732-224-6599
mfiorovanti@ghclaw.com
mcanning@ghclaw.com

Ryan M. Kelly, Esq.
Ross M. Good, Esq.
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847-368-1501
rkelly@andersonwanca.com
rgood@andersonwanca.com

*Attorneys for Plaintiff*

/s/ Markham R. Leventhal

114473874

-11-